DOREMUS and WILBUR *against* SELDEN, impleaded with OGDEN and another.

</div>

THIS was an action of *assumpsit*, tried at the *New-York* sittings, in *December*, 1819, before Mr. Justice *Woodworth.*

The declaration contained the common money counts.

The plaintiffs were the *third* endorsers of a promissory note, dated the 8th of *July*, 1816, drawn by *Davison, Day,* and *Pierson*, by which they promised to pay, sixty days after date, to the order of *Israel Canfield* and Co., eight hundred dollars, for value received. The note was endorsed by the payees to *Andrew Ogden* and Co., and by them to the plaintiffs, who endorsed the same to *Bostwick* and *Sterling.* The note was protested for nonpayment, and due notice given to the endorsers. On the 7th of *April,* 1817, the Bank of *New-York*, in which the note was lodged, received from the Assignees of *Bostwick* and *Sterling* payment of the note, which had been charged to them in account.

<div style="margin-left:2em; font-size:smaller;">

**ALBANY,**
August, 1821.

DOREMUS
v.
SELDEN.

To support a *joint* action by several persons, to recover back money paid to the use of the defendant, it must appear that the money was paid by the plaintiffs out of a joint fund. *D. & W.*, partners in trade, being joint endorsers of a note which had been protested for non-payment, became insolvent, and one of them was discharged under the act. They, afterwards, gave their separate notes, which were accepted in payment by the holders of the original

</div>

note, which was delivered up to *D. & W.*, who brought an action of *assumpsit* for so much money paid, against the prior endorsers: *Held*, that the payment, not being made by the plaintiffs jointly, or as partners, nor out of a joint fund, the action was not maintainable.

The defendant gave in evidence his discharge under the insolvent act, dated the 6th of *February*, 1818, which was objected to, because no notice of it had accompanied the plea of the general issue ; but the judge overruled the objection. The plaintiffs then gave in evidence an agreement, dated the 13th of *February*, 1818, executed by *J. Haggerty* and *W. Cairns*, which recited, that, whereas they, *Haggerty* and *Cairns*, as acting assignees of the estate and effects of *Bostwick* and *Sterling*, were holders of a certain note, (being the one above described,) &c., and whereas the said *F. Doremus*, on a certain compromise made with him, on the 9th day of *August*, gave to them, *H.* and *C.*, as assignees. &c. four promissory notes of fifty-three dollars each, payable in three, six, nine, and twelve months, all of which were endorsed by *N. Weed*, and two of them paid as they became due respectively, and had paid the costs of a suit against *Doremus* and *Wilbur* on the said note, and the costs, also, of another suit against *A. Ogden* and *Co.*, also endorsers on the said note ; and whereas the said *R. Wilbur* had given to them, *H.* and *C.*, as assignees, &c. his promissory note for four hundred and thirty-nine dollars and twelve cents, payable in six months, endorsed by *N.* and *H. Weed ;* they, the said *Haggerty* and *Cairns*, in consideration of the premises, &c. accepted the said two notes of *Doremus*, which had not yet become payable, and the said note of *Wilbur*, in full satisfaction and discharge of the said note of *Davison*, *Day*, and *Pierson*, above described, and which they thereby assigned to the said *Doremus* and *Wilbur* for their own benefit. It appeared that a *ca. sa.* was issued on the 31st of *December*, 1817, on a judgment recovered against *Doremus* and *Wilbur*, as endorsers of the above mentioned note ; that *Wilbur*, who was taken on the *ca. sa.* was discharged by the attorney of the plaintiff in the suit, who thereupon endorsed on the execution, " Satisfied the 12th of *January*, 1818," and the sheriff also endorsed it satisfied ; and it was returned and filed, *January* the 18th, 1818.

*Wilbur*, at this time, resided in *New-Jersey*, and carried on business on his own account, and *Doremus* was living as clerk, with a merchant in *New-York*.

A verdict was taken for the plaintiffs, for seven hundred and eighteen dollars and eighty-one cents, subject to the opinion of the Court, on a case containing the facts above stated.

*R. Sedgwick,* for the plaintiffs. 1. The notes given by *D.* and *W.* were accepted by *H.* and *C.* as payment, and are, therefore, to be considered as so much money paid. (*Cuming* v. *Hackley,* 8 *Johns. Rep.* 202. 206. *Beardsley* v. *Root,* 11 *Johns. Rep.* 484. *Whitney* v. *Mann,* 11 *Johns. Rep.* 518. *Service* v. *Crafts,* 12 *Johns. Rep.* 90. 9 *Johns. Rep.* 409. 15 *Johns. Rep.* 241.)

2. The suit is rightly brought in the names of *D.* and *W.* as they were partners when the endorsement of the original note was made; though the notes given in payment were made by *D.* alone. (*Graham* v. *Robertson,* 2 *Term Rep.* 282.)

3. The discharge of *W.* on a *ca. sa.* cannot affect the right of action in this case, as the payment of the notes was subsequent. (*Seymour* v. *Minturn,* 17 *Johns. Rep.* 169.) Besides, the attorney had no power to discharge *W.* from the execution, until the money was paid. (*Jackson* v. *Bartlett,* 8 *Johns. Rep.* 361.)

*Griffin,* contra. Without particularly discussing the first point, the second point made is clearly with the defendant. This is an action of *assumpsit,* for *money paid* by the plaintiffs to the use of the defendant. It is necessary, therefore, to show a joint payment by the plaintiffs. Now, the plaintiffs were not partners when the notes were given. They were not joint, but separate notes. Suppose the money recovered by the plaintiffs, it will not be divided between them, as partners; but each will take the amount paid by him. (*Brand* v. *Boulcott,* 3 *Bos. and Pull.* 235. 5 *Esp. N. P. Rep.* 194. *Osborne and another* v. *Harper,* 5 *East's Rep.* 225.) To authorize a joint action, there must be a joint fund out of which the money is paid.

Again; the discharge of *W.* from the *ca. sa.* was a complete satisfaction and discharge of the judgment against *D.*

DOREMUS
v.
SELDEN.

and *W.* as endorsers of the original note ; and the subse-
quent proceedings were in fraud of the insolvent act.

SPENCER, Ch. J. delivered the opinion of the Court.
The principal question is, whether the plaintiffs can main-
tain a joint suit, on the evidence in this case ?

The plaintiffs' right to recover does not depend on
a joint liability, as endorsers of the note, on which the
defendants were prior endorsers, but on the fact, whether
the plaintiffs jointly paid the note : Nor does this cause in-
volve the question how far a negotiable note may be
deemed a payment of a precedent debt, when taken as pay-
ment. The plaintiffs were partners, and prior to any pay-
ment of the note endorsed by them, and which is the
foundation of this suit, had become insolvent.

The assignees of *Bostwick & Sterling,* (*Haggerty* and
*Cairns,*) who were the holders of the note made by *Davi-
son, Day, & Pierson,* received of *Doremus,* on the 9th of
*August,* 1817, four notes, amounting together to two hun-
dred and twelve dollars, endorsed by *N. Weed,* and two of
which, being one hundred and six dollars, were paid prior
to the 13th of *February,* 1818. The assignees also received
of *Wilbur,* the costs of the suit against *Doremus & Wilbur,*
and *A. Ogden & Co.,* and also a note made by *Wilbur* to
*N. & H. Weed,* and by them endorsed, for four hundred
and thirty-nine dollars and 82 cents, dated the 13th of *Feb-
ruary,* 1818, payable in six months, in full of their liability
on the note of *Davison, Day, & Pierson,* and wholly dis-
charged them.

In *Graham and others* v. *Robertson,* (2 *Term Rep.* 282.)
the plaintiffs and two other persons were joint owners of a
privateer ; the defendants were owners of another privateer ;
a prize was taken, condemned, and sold, by agreement be-
tween the owners of the two ships. The sentence of con-
demnation having been afterwards reversed, restitution
with costs was awarded, which were paid solely by the plain-
tiffs, the two other partners, in the interim, having become
bankrupts. It was held, that the plaintiffs could not main-
tain the action for a moiety of the sum paid, for it was
either a partnership transaction, and then all the partners

ought to be joined, or it stood as a separate payment by
each individual, when each should have brought a separate
action. This case leaves the point undecided, whether all
the partners, as well those who paid, as those who had
become bankrupts and paid nothing, could maintain the
action. The case of *Osborne and another* v. *Harper* (5
*East*, 225.) bears more strongly on the question. There,
*A. B* and *C.* having dissolved partnership, *C.* after the dis-
solution, drew bills, in the partnership firm, in favour of
*D.*, he being ignorant of the dissolution. *D.* sued all the
former partners, and recovered judgment. *A.* and *B.*, after-
wards, through their attorney, satisfied the judgment, and
brought a joint action against *D.;* and the question was
whether the action could be sustained by *A.* and *B.* jointly
or not. The Court were of opinion, that unless it appeared,
in point of fact, that the damages in the former action had
been paid out of a joint fund or stock, a joint action could not
be supported; for without a joint fund there could not be
a joint payment; and the action was finally maintained upon
its being shown to the Court. that their attorney had ad-
vanced the five hundred pounds on the joint credit of the
plaintiffs; and Lord *Ellenborough* said, that created a joint
fund for the discharge of the execution; and, consequently,
a joint action would lie. *Brand and Herbert* v. *Boulcott*,
(3 *Bos. & Pull.* 235.) coincides with this doctrine.

It appears to me that the principle advanced in *Osborne
and another* v. *Harper* is the true one : That to enable se-
veral persons to join in demanding the repayment of a sum
of money, it ought to have been paid out of a joint fund.
Here the plaintiffs contributed to the payment separately,
and in unequal parts, without any community of interest in
the money paid, and, therefore, they cannot maintain a joint
suit.

<div align="center">Judgment for the defendants.</div>