<div align="right">ALBANY,<br>Feb. 1828.<br><br>Gould<br>v.<br>Gould.</div>

<div align="center">Motion denied.</div>

---

<div align="center">WILLIAM GOULD <i>against</i> STEPHEN GOULD.</div>

ASSUMPSIT for money paid; tried at the New York circuit, April 14th, 1826, before WALWORTH, C. Judge.

At the trial, it was proved that the plaintiff and David Banks the elder, had executed a bond with the defendant as his sureties, conditioned for the payment of 250 dollars, to one Prior; and that the plaintiff, with the same David Banks, the elder, and John Gould, executed another bond with the defendant, as his sureties, conditioned *for the payment of 2,000 dollars, to one Riggs. That David Banks, the elder, died, and David Banks, the younger, was his executor; and he and the plaintiff, being partners as booksellers, paid the bonds with the joint funds of the firm.

The defendant's counsel objected that the action should have been brought in the joint names of William Gould & David Banks, the younger, on the ground that the payment was with their joint funds as partners.

The judge decided that admitting this to be so, it was to be presumed they were interested to an equal amount in the partnership funds; and, therefore, it would still be a payment by each, of his separate moiety; and enable each to maintain his separate action for the money paid by him for his moiety. And he refused the non-suit.

The defendant excepted; and, upon a bill of exceptions, now moved for a new trial.

*H. W. Warner,* for the motion, cited *Doremus* v. *Selden,*

<div style="float:right; width:30%;">
Joint sureties paying the money for their principal, should yet sue him severally for the money paid. B. & G. were sureties, B. died, and his [*169] executor was a partner in business with G; and the two partners paid the debt of the principal out of their joint funds as partners; yet <i>held,</i> that they should sever in their action against the principal.

Where partners pay money on a business foreign to the partnership concern, though with their joint funds, this is <i>pro tanto</i> a severance of their funds; and if paid as sureties, the law implies a promise from
</div>

the principal to each according to his several interest.

(19 John. 213, 217;) *Hill* v. *Tucker*, (1 Taunt. 7;) and *Os-borne* v. *Harper*, (5 East, 225.)

*E. Cowen*, contra, cited *Graham* v. *Robertson*, (2 T. R. 282;) *Brand* v. *Boulcott*, (3 B. & P. 235;) *Kelby* v. *Steel*, (5 Esp. Rep. 194;) 2 Com. on Contr. 188; and 1 Chit. Pl. 8, 9.

*Curia, per* SAVAGE, Ch. J.   It seems to me a joint action could not be sustained.   This is a case of several sureties paying the debt of their principal; in which each must prosecute for the amount paid by him.   (3 B. & P. 225; 2 Com. on Contr. 188; 1 Chit. Pl. 8, 9; 2 T. R. 282.)   The action is founded upon the implied assumpsit; and the in-terest of each being several in respect to this transaction, the law implies a corresponding liability; that is, to each severally, according to his interest.   So far from D. Banks, the younger, being a partner in respect to the payment, he never was even surety in his own right.   The duty of the de-fendant to pay the money and discharge his sureties, was never incurred in respect to *Banks, the partner, but to his father, to whom, if he had lived to pay, the law would have implied an assumpsit.   Banks, the partner. would then never have been known in the transaction.   Suppose the father had lived, and the money had been paid by Wm. Gould out of the joint funds of himself and partner; Wm. Gould would then clearly have been entitled to recover the whole.   The payment of the joint funds in a matter with-out the partnership, operates as a severance of those funds *pro tanto*, according to the interest of the partners who pay. It is so far an appropriation of the joint funds to an indi-vidual purpose.   It is nothing to the defendant, whether the funds out of which his debt is paid, be joint between his sureties, or several with each.   That is the concern of those only who own the fund.   True, where a duty arises to two persons as partners, the law will imply a promise to both jointly; but the mistake is, in supposing that because the plaintiff and D. Banks, the younger, were partners as booksellers, they were, therefore, so in the business of being

[*170]

sureties. So far from this, they were not even joint sure-ties; but one was the executor of a joint surety. It is doubtful whether even two joint sureties can so shape a payment as to give themselves a joint claim. This was re-luctantly allowed, upon the peculiar circumstances, in *Osborne* v. *Harper*, (5 East, 225;) but it was denied in *Kelby* v. *Steel*, (5 Esp. Rep. 194,) although the payment, and receipt given for payment, were joint; and in form as from two partners.

The motion for a new trial must be denied.

New trial denied.