ISAAC APPLETON & another *vs.* TIMOTHY BASCOM & others.

Two persons became sureties for another, between the 2d of April 1834 and the 1st of May 1836, and paid money for him after said 1st of May. They then sued him for indemnity, in an action for money paid, recovered judgment against him, and committed him to jail on execution. He gave bond for the liberty of the jail limits, and forthwith went out of the town where the jail was situated. In an action on the bond, it was held that the judgment against him was recovered on the implied contract of indemnity made by him when the plaintiffs became his sureties, and therefore, that by Rev. Sts. *c.* 14, § 13, the jail limits to which he was entitled did not extend beyond the boundaries of the town in which the jail was situated, and that he had committed an escape.

The implied promise of a principal to indemnify his sureties is regarded as made to them jointly and severally ; and when they jointly pay money for him, they may join in a suit against him, on such implied promise, for reimbursement.

THIS was an action of debt on a bond for the liberty of the prison limits, and was submitted to the court on the following facts : Timothy Bascom, one of the defendants, was administrator of the estate of Clement Bascom, and the plaintiffs were his sureties on his administration bond, which they executed with him on the 3d of November 1835. On the 21st of April 1840, the plaintiffs jointly paid $ 230 for said Timothy's default, which they were bound to pay by reason of having been his sureties on said bond.

At the December term, 1840, of the court of common pleas, the plaintiffs recovered judgment against said Timothy, in an action for money paid, the amount which they had paid, as aforesaid, by reason of his default. In that action, they filed a specification of their claim, setting forth that they demanded $ 230 paid by them on account of their having signed a bond as sureties of the said Timothy as administrator of Clement Bascom. Execution issued on said judgment, and said Timothy was committed to the jail at Lowell, on the 23d of February 1841, and on the same day he, and the other defendants, as his sureties, executed the bond on which the present action was brought. Immediately after the execution of the bond, said Timothy went without the exterior limits of the city of Lowell, without the consent of the plaintiffs, and without being discharged by law. He afterwards took the poor debtors' oath.

*J. G. Abbott,* for the plaintiffs. The Rev. Sts. *c.* 14, § 13, provide, " that in respect to all proceedings on executions issuing upon judgments, which have been or may be recovered on contracts made between the 2d of April 1834, and the day when this chapter shall go into effect as a law," (May 1st 1836,) " the limits of each jail yard shall be the boundaries of the town in which such jail is situated." The question therefore is this : Was the plaintiffs' judgment against Timothy Bascom, upon which the execution issued, on which he was committed to jail, recovered on a contract made between April 1st 1834 and May 1st 1836 ? The plaintiffs insist that their judgment was recovered on the implied contract of indemnity, which was made by Bascom when they executed the administration bond as his sureties, on the 3d of November 1835. Chit. Con. (1st ed.) 179, 180. 3 Stark. Ev. 1386. *Howe* v. *Ward,* 4 Greenl. 200. *Gibbs* v. *Bryant,* 1 Pick. 121. *Wood* v *Leland,* 1 Met. 389. No new contract of indemnity was implied by law when the plaintiffs paid money for Bascom, on the 21st of April 1840. Nor does their having sued him on a count for money paid alter the case. The form of action was immaterial. Besides ; the specification of their cause of action is to be taken as part of the count.

*L. Williams,* for the defendants. As the plaintiffs declared against Bascom on the implied promise which was raised on their payment of money for him, they cannot now say that the contract on which they recovered judgment was a contract made before the payment ; and therefore he was entitled to the enlarged jail limits, viz. the whole county. Rev. Sts. *c.* 14, § 13.

The plaintiffs were several sureties, and a promise of indemnity to them jointly was not implied when they became sureties. It was not until they jointly paid the money, that such a promise to them was implied. *Osborne* v. *Harper,* 5 East, 229. *Kelby* v. *Steel,* 5 Esp. R. 194. *Doremus* v. *Selden,* 19 Johns. 213. *Day* v. *Swann,* 1 Shepley, 165.

WILDE, J. This is an action of debt on a bond given for the liberty of the prison limits, and the question is, whether the principal in the bond, after the giving of said bond, committed

an escape, by going without the prison limits. And this depends on ascertaining the time when the contract was made, on which the judgment was recovered, upon which the execution issued, by virtue of which the said principal in the bond was committed to prison.   The said judgment was recovered in an action for money paid by the plaintiffs, and which they were obliged to pay, for said principal, by reason of his breach of the condition of an administration bond, which they had executed as his sureties.

The action was founded on an implied promise ; and the question is reduced to this, whether the promise was implied by law at the time when the plaintiffs became sureties, or not until they paid the money, when their right of action against the defendant first accrued.   And we think it is well settled, that when a surety becomes bound for his principal and at his request, the law implies a promise of indemnity by the principal to the surety to repay the latter all the money he may be compelled to pay the creditor in consequence of his assumed liability.   So the law is laid down in *Wood* v. *Leland,* 1 Met. 389 ; and so it was decided in *Gibbs* v. *Bryant,* 1 Pick. 121 ; in *Toussaint* v. *Martinnant,* 2 T. R. 104 ; in *Howe* v. *Ward,* 4 Greenl. 200 ; and in many other cases.   In *Gibbs* v. *Bryant,* there had been given a written promise of indemnity, and the court say that " the written contract produced contained nothing more than what the law would imply."   And so the law has been well settled for a long time, although in ancient times no action at law could be maintained where a surety had paid the debt of his principal ; the only remedy being to be had in a court of equity.   But very many equity principles have been adopted by courts of law in modern times, allowing actions to be maintained on implied promises by the party to do what justice and equity require to be done, where there is no express contract.   And the implied promise of indemnity in the present case must be considered as made at the time when the plaintiffs became responsible to the creditor on the bond.   The plaintiffs' liability was the consideration of the principal's implied promise of indemnity, and the promise must be considered as made at the time when that lia-

bility was assumed. And the plaintiffs, when they paid the money, might have declared on said implied promise, or for money paid, in common form, as the declaration was. The time of making the contract is not to be determined by the form of the action.

The other objection made by the defendants' counsel is, that the law does not imply a promise to the plaintiffs jointly ; and the case of *Gould* v. *Gould*, 8 Cow. 168, seems to countenance this objection. But a more reasonable doctrine is maintained in other cases : *Osborne* v. *Harper*, 5 East, 225. *Pearson* v. *Parker*, 3 N. Hamp. 366. *Jewett* v. *Cornforth*, 3 Greenl. 107. According to the decisions in these cases, when money is paid by two or more sureties jointly for the principal, or when the money paid is raised on their joint credit, their proper remedy for reimbursement is a joint action ; but if they pay separately, then their proper remedy is by separate action, and a joint action cannot be maintained. In either case, however, the action whether joint or several, is founded on the promise of indemnity *expressly or impliedly made* at *the time when the sureties first* became bound. When a promise is implied by law, such a promise is implied as will give to the party, who may suffer damage by the breach of it, a suitable and proper remedy. We consider, therefore, the promise of Bascom, to indemnify his sureties, as made to them jointly and severally ; and as it appears that they paid the money, which they became liable to pay, jointly, they were well entitled to a joint action against him for reimbursement.

*Judgment for the plaintiffs.*