## CONNER v. HUTCHINSON.

Where two persons are employed by the claimants of a tract of land under a Mexican grant, as agents to procure the confirmation of the grant in the United States Courts, and services are thus rendered and expenses incurred by the agents : *Held,* that such service and expense are individual in their character, and not joint, and that separate actions may be maintained by such agents for their expenses thus incurred.

APPEAL from the Sixth District, County of Sacramento.

A statement of facts appears in the opinion of the Court.

*Winans & Hyer* for Appellant.

*John Heard* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Conner *v.* Hutchinson.

This was an action upon a promissory note of the defendant. The answer sets up, as an offset, a claim for services rendered and moneys expended on behalf of the plaintiff. It appears, from the evidence, that the parties and several other persons were tenants in common of a large tract of land situated in Yolo county, claiming title under an alleged Mexican grant, and that in March, 1856, the claimants entered into an agreement for the partition of the premises, and the prosecution of proceedings for a confirmation of the grant in the United States Courts, and, to carry into effect its provisions, appointed the defendant and Jerome Davis agents, stipulating that the expenses attendant upon the execution of the agreement should be borne by the claimants, in proportion to the interest which each possessed in the property. Under this agreement, valuable services were rendered, and large expenditures incurred by the defendant ; and the offset set up by him arises out of his claim against the plaintiff, as one of the claimants to the land and parties to the agreement. Proof of this claim was excluded by the District Court. The ground of the exclusion is not stated in the record ; but, from the argument of counsel, it appears to have been based upon the impression that the claim presented was necessarily joint in its character, to be asserted by both the agents, and not available for either individually. Assuming this to have been the case, and no other ground is alleged, we think the Court below erred, so far, at least, as the claim arises from the expenditure of moneys. Whether a charge for the services rendered can be maintained under the agreement, it is unnecessary to determine. The expenditures were individual in their character, and required no joint action. The agents were not partners, and they possessed no common fund to meet their outlays. Their relation to the claimants was not unlike that of two lawyers, of different firms, employed to attend to the common interest of the claimants, and acting in concert with each other, but entitled, separately, to charge for their services and expenditures. The question is not whether either agent could, without the other, make any valid contracts for the claimants, but whether, for individual expenses incurred in the execution of the objects of the agency, an individual charge can be made. Upon this we have no doubt; and our conclusion in this respect leads to a reversal of the judgment. (See Bunn *v.*

Morris, 3 Caine's, 54; Pearson *v.* Parker, 3 N. H. 366; Doremus *v.* Selden, 19 John. 213; Lombard *v.* Cobb, 14 Maine, 222.) Upon the sufficiency of the testimony offered to establish the claim, we are not called upon to pass, as it was excluded on the trial as irrelevant, under the previous ruling of the Court. All testimony as to an individual claim must, under that ruling, have been irrelevant.

Judgment reversed, and cause remanded for a new trial.