CASE 42—PETITION EQUITY—OCTOBER 10.

# Graves vs. Graves.

### APPEAL FROM SCOTT CIRCUIT COURT.

Since the adoption of the Revised Statutes there is no presumptive or resulting trust arising in favor of one who has paid for land, against another to whom the legal title has been conveyed, except where the grantee shall have taken a deed in his own name, without the consent of the person paying the consideration, or where, in violation of some trust, he shall have purchased the lands deeded with the effects of another person.

It devolves upon a party asking the aid of a court of equity to enforce a resulting trust, to show, by appropriate averments, that it is not within the operation of the general provision of *section 20 of chap. 80, of the Rev. Statutes*, but belongs to one or the other of the classes excepted in *section 22* of said chapter, otherwise the relief cannot be granted.

In such case, however, under the prayer for general relief, a judgment for the money furnished to the grantee by the plaintiff may be had, although, for the want of appropriate averments, the enforcement of a resulting trust be refused.

See the opinion for a case, (to enforce a resulting trust,) in which, although the other evidence, considered by itself, would fully justify a different conclusion, yet proof of the solemn declarations of the plaintiff made on oath as a witness, that what she had advanced to her son (the defendant,) in the land was a *gift* to him, that she had no interest whatever in the land, but that it belonged to defendant, and that she was able to give that sum or its equivalent to her other children—*Held* sufficient to prevent her from setting up and enforcing a claim to the land or money.

.T. N. & D. W. LINDSEY, for appellant, cited 3 *Bibb*, 15; 1 *Marsh.*, 47; 3 *J. J. Mar.*, 515; 4 *Ib.*, 592; 3 *Bibb*, 504.

M. STEVENSON, on same side, cited 1 *Greenleaf's Ev.*, sec. 182, 9th ed.

M. POLK, for appellee, cited 1 *Bibb*, 610.

ROBINSON & JOHNSON, on same side, cited 1 *Bibb*, 609; 1 *J. J. Mar.*, 3; *Ib.*, 401; 4 *Blackf.* 339; 2 *Ib.*, 441.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This suit was brought by the appellant to compel appellee to convey to her certain land which she alleges he, in part, bought for her, as her agent, and paid for with her money, but the title to the whole of which had been made to him.

The petition fails to charge that the appellee violated any trust confided to him in procuring the deed thus to be made, or that the deed was so made without the consent or directions of appellant. For aught that appears to the contrary, the deed may have been made to him, with her consent, and by her authority and express direction.

The first question then that arises is, could the chancellor, upon the state of fact presented by the petition, have compelled a conveyance, even though the existence of such facts had not been controverted by answer? We think not.

Prior to the 1st July, 1852, presumptive or resulting trusts, arising in favor of one who had paid for land, against another to whom the legal title had been conveyed, were recognized in this State, and could be enforced against the legal title holder by compelling him to convey to the party from whom the consideration had proceeded. But the Revised Statutes, which then took effect, have materially changed the law relating to such trusts.

In chap. 80, secs., 20, 21, 22, (page 230, 2d vol. of Stanton's edition,) it is thus provided:

" *Sec.* 20. When a deed shall be made to one person, and the consideration thereof shall be paid by another, no use or trust shall result in favor of the latter.

"*Sec.* 21. Such deeds shall be deemed fraudulent, as against the existing debts and liabilities of the person paying the consideration.

"*Sec.* 22. The provisions of the section before the one next preceding this, shall not extend to cases where the grantee shall have taken a deed in *his own name *without the consent* of the person paying the consideration, or where the grantee, *in violation of some trust*, shall have purchased the lands deeded with the effects of another person."

It will be perceived, from the foregoing sections, that a resulting or presumptive trust is now forbidden, except in the cases mentioned in the 22d *sec.*, *supra*—that is, "where the grantee shall have taken a deed in his own name, without the consent of the person paying the consideration," or where, "in violation of some trust, he shall have purchased the lands deeded with the effects of another person."

In all cases, therefore, arising, as the present did, since the 1st July, 1852, it devolves upon a party, asking the aid of a court of equity to enforce a resulting trust, to show, by appropriate averments, that it is not within the operation of the general provision contained in *section* 20, *supra*, but belongs to one or the other of the classes excepted in *section* 22, otherwise the relief cannot be granted. No such averments are made in the petition now before us—as has been already seen—and the result is that the chancellor very properly denied her a conveyance of the lands.

But notwithstanding the failure to present a case for a conveyance of the land claimed, she would have been entitled, under the prayer for general relief, to a judgment for the money alleged to have been furnished to appellant, if the evidence had authorized it.

The answer flatly denies the alleged agency, and every other material allegation in the petition, except that in regard to the obtention of money from appellant. As to that, it admits that appellee obtained some money from appellant to buy the land, or to aid in paying for it, but denies that it was as much as charged, and asserts that the amount furnished by

Graves vs. Graves.

appellant was advanced as a gift to appellee, who was appellant's son, and that it was so received, and in no other way.

The evidence in support of this allegation in the answer is, in our opinion, altogether conclusive. Several witnesses—all concurring—prove positively that appellant stated upon oath, as a witness, that she had only let appellee have eight hundred dollars in the land, and that what she had thus advanced was a *gift* to him; that she had no interest whatever in the land, but that it belonged to appellee; and, moreover, that she was able to give that sum, or its equivalent, to her other children. Now—admitting that the evidence on the other side, when considered by itself, would fully justify a different conclusion—it seems to us that it is impossible to avoid the effect of these solemn declarations made by appellant, under oath, and, as the evidence shows, for the express purpose of proving that she had no interest in the land, by claim for advances or otherwise—it being manifest that it was upon that point that she was so specially interrogated.

Whatever purpose she may have had in view in thus deposing, she cannot, and should not, be allowed to escape from its consequences. To permit her, after such declarations, to set up and enforce a claim to the land or money, when it existed, if at all, at the time she was testifying, and must have been known to her, would be but to encourage and approve of conduct wholly at war with rectitude and all the rules of equity.

Judgment *affirmed*.