CASE 34—PETITION EQUITY—JUNE 23.

# Lindsay and wife vs. Williams' ex'rs.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. W. gave his married daughter $3,000, which she loaned to her husband, L., who, to secure the same, mortgaged his land to W. The mortgage was foreclosed, the land sold, and W. became the purchaser, and sold the land. He afterwards died, leaving a will in which he directed the payment of his debts, and charged Mrs. L. with cash advanced, $3,000. *Held*—That she was entitled to ·recover against the executors of W. the proceeds of the sale of the land mortgaged by her husband.

2. *Sections* 20 *and* 22 *of chapter* 80, *Revised Statutes,* apply to absolute deeds for land, and not to debts or to mere securities for debt.

G. DAVIS, for appellants, cited 1 *N. Y. Rev. Stat.,* 728; *N. Y. Rep.,* 18, 515; 3 *Met.,* 167.

W. W. TRIMBLE, on same side, cited *Hill on Trustees,* 55, 72; 17 *B. Mon.,* 114.

W. C. MARSHALL, for appellees, cited 2 *Rev. Stat.,* 230; 3 *Met.,* 167.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Lindsay made his notes to his father-in-law, Williams, in the aggregate sum of thirty-two hundred dollars, and to secure the same executed a mortgage dated March 1st, 1855, which Williams afterwards foreclosed and had judgment of sale, himself becoming the purchaser of the land, which he afterwards sold.

Williams afterwards published his last will, ·and soon thereafter died.

In this will he charges Mrs Lindsay with cash advanced to her, three thousand dollars. By a general clause he first directs that all his debts, &c., be paid.

Lindsay and wife bring this suit to recover the proceeds derived from this mortgage, averring and proving that it was executed to secure Mrs. Lindsay in the amount which her father had advanced to her after her marriage, and which she had let her husband have to pay to his creditors, &c.

The executors resist this because, as they say, by the provisions of our statutes, no trust resulted to Mrs. Lindsay.

By section 20, chapter 80, 2 Stanton's Revised Statutes, 230, it is provided, that " when a deed shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the latter." And by section 22, where the grantee shall take the deed in his own name, without the consent of the person paying the consideration, or where the grantee shall purchase the lands with the effects of another in violation of some trust, are excepted out of the operation of the above section.

This section is in the chapter on real estate, and in terms applies alone to land.

This statute repeals the long-established rules of equity jurisprudence as recognized by the chancery courts, so far as these fall within its provisions, and only so far.

It is apparent from its terms it never was intended to apply to debts, nor mere securities for their payment. It only applies to absolute deeds for land, and only so far repeals the established rules of equity jurisprudence.

The debts for which the mortgage was given as a surety were made payable to the testator. But he was acting as trustee for Mrs. Lindsay when he collected the money, therefore he became responsible to her for it. There is no proof that she ever assented to his purchasing the land, and more clearly is there none to prove she ever assented to his taking the title to himself, absolutely, on his purchase from the commissioner, who sold under a decree foreclosing the mortgage. This was a pecuniary obligation. It was money coming to her. Her trustee had no authority, at least so far as the evidence shows, to convert this money into land, and none to take the deed absolutely to himself without her assent.

So we are satisfied, in the first place, the transaction does not come within the purview of section 20 of the statute; and, secondly, if it did, it is within the exceptions of section 22.

If it had been proved that Mrs. Lindsay authorized her father and trustee to purchase the land at the decretal sale, still it would have been essential to prove affirmatively her

assent to his taking the deed absolutely to himself, without expressing therein the character of his holding, and this assent will not be presumed from his previous character as trustee.

These views are sustained by the construction of the New York statute from which our revision was taken, as expounded by the courts of that State. (*Day vs. Roth*, 18 *N. Y. R.*, 448; *Lounsberry vs. Pardy*, 18 *N. Y. R.*, 515; *Simeon vs. Schenck*, 29 *N. Y. R.*, 608.)

Nor are these views in conflict with anything heretofore decided by this court in Graves vs. Graves (3 *Met.*, 167), Hooker vs. Gentry (3 *Met.*, 463).

Mrs. Lindsay is clearly entitled to recover of her father's estate the amount of the money collected by him by virtue of the sale and purchase of said land under the decretal sale, nor is she precluded from this by anything in the will of her father; as he first directs all his just debts to be paid, after which his property is devised. He directs her to be charged with three thousand dollars as an advancement; but this is done to specify the inequality of the advancements made to his several children, some of whom had got nothing, and he desired equality before the general division.

No questions between the creditors of R. T. Lindsay and his wife, nor between the creditors of the testator and Mrs. Lindsay, are made in this case. The purchaser of the land from the testator gets a good title, as Mrs. Lindsay is not seeking, nor would she be entitled, to disturb him.

It is true that she seeks to convert the money due by him to the payment of her debt, and she has an equity to follow the proceeds of this land; still, as her father's estate is ample to pay all his debts, it was scarcely necessary to do this.

The court, on the return of the cause, should collect the land-debts and appropriate the same to the payment of Mrs. Lindsay's claim, and adjudge to her the full amount of her claim against the executors; and, by proper orders, secure this claim herein sought to be recovered to her as separate estate.

Wherefore, the judgment is reversed, with directions for further proceedings as herein indicated.