SAMUEL BUNKER & al. versus JOHN TUFTS.

Two or more persons severally signing a promissory note as sureties do not thereby incur a joint liability.

Such sureties cannot maintain a joint action on the case against a person who subsequently " aids or assists" their principal "in a fraudulent transfer or concealment of his property, to secure it from creditors," although, after such conveyance, they became joint creditors by the joint payment of said note.

When several sureties pay the debt of their principal, and there is no evidence of a partnership or joint interest, or of payment from a joint fund, the presumption of law is that each paid his proportion of the debt.

ON REPORT.

CASE, under R. S., c. 113, § 47, for aiding in the fraudulent concealment of the property of Albert Williams.

The testimony is sufficiently stated in the opinion.

The defendant's counsel contended that this action cannot be maintained by the plaintiffs jointly; and that the plaintiffs were not creditors within the meaning of § 47.' Thereupon the case was continued on report, with the agreement that if, in the opinion of the full Court, the action can be maintained, it is to stand for trial; otherwise the plaintiffs to be nonsuit.

*J. H. Webster & Coburn*, for the plaintiffs.

1. Plaintiffs were creditors of Williams within the purview of § 47. *Howe* v. *Ward*, 4 Maine, 195 ; *Thompson* v. *Thompson*, 19 Maine, 244 ; *Sargent* v. *Salmond*, 27 Maine, 539 ; *Thatcher* v. *Jones*, 31 Maine, 528.

2. Statute is remedial and to be construed liberally. *Quimby* v. *Carter*, 20 Maine, 218. A surety paying the debt of the principal is subrogated to the rights of the creditor. *Norton* v. *Soule*, 2 Maine, 341 ; *Closson* v. *Morris*, 10 Johns., 524.

3. The interest of the sureties in the property fraudulently conveyed is a joint interest. Every dollar fraudulently conveyed increased the risk of each equally. The property of the principal debtor constitutes a joint fund out

Bunker *v.* Tufts.

of which they are jointly to be relieved. *Elwood* v. *Deifendorf*, 5 Barb., 398.

4. Plaintiffs should join. 1 Chit. Pl., 63, 64, 65 and 66; *Medbury* v. *Watson*, 6 Met., 246; *N. Y. & S. L. C. Co.* v. *Fulton Bank*, 7 Wend., 412; *Jackson* v. *Sidney*, 12 Johns., 185; *Pickering* v. *Pickering*, 11 N. H., 141; *Gilman* v. *Wilbur*, 12 Pick., 120.

*D. D. Stewart,* for the defendant, cited *Pullen* v. *Hutchinson*, 25 Maine, 249; *Craig* v. *Webber*, 36 Maine, 507; *Bove* v. *Wilson*, 1 Jones, (N. C.,) 182; *Quimby* v. *Carter*, 20 Maine, 218; *Ingalls* v. *Dennett*, 6 Greenl., 79; *Woodward* v. *Herbert*, 24 Maine, 358; *Ellis* v. *Ham*, 28 Maine, 387; *Huzzey* v. *Collins*, 30 Maine, 190; *Dole* v. *Warren*, 32 Maine, 94; *Reed* v. *Pierce*, 36 Maine, 461; *Hoyt* v. *Wilkinson*, 10 Pick., 30; *Wood* v. *Leland*, 1 Met., 387.

APPLETON, C. J.—This is an action on the case, under the provisions of R. S., c. 113, § 47, against the defendant for aiding in the fraudulent concealment or transfer of the property of Albert Williams.

The plaintiffs offered in evidence a note, dated Oct. 24, 1864, payable to the president, directors and company of the Second National Bank of Skowhegan, or order, in four months, signed by said Williams, as principal, and by them severally, as sureties.

There was evidence tending to show that, on the 2d or 3d of August, 1865, Williams made a conveyance of certain property to the defendant, fraudulently, and " to secure it from his creditors, and to prevent its attachment or seizure on execution."

On the 18th of August, 1865, the plaintiffs gave their note for the amount for which they had signed as sureties, and took up the note of said Williams.

Prior to the 3d of August, 1865, the plaintiffs had made no payment on the note which the bank held against Williams and on which they were sureties. They had signed severally. They had by so signing incurred no joint liabil-

ity.    They were not joint creditors or entitled as such to maintain this suit.

After the date of the conveyance alleged to be fraudulent, they gave their joint note.   If it were to be conceded that thereby they became joint creditors, still they would not have been joint creditors when the conveyance was made, and therefore could not be permitted to impeach it as such creditors.

The law seems well settled in this State, that where several sureties pay the debt of their principal, and there is no evidence of a partnership or joint interest, or of payment from a joint fund, the presumption of law is that each paid his proportion of the same.   *Lombard* v. *Cobb*, 14 Maine, 222;  *Goodall* v. *Wentworth*, 20 Maine, 224.   In *Lombard* v. *Cobb*, the sureties paid the note by giving their joint note, as in the present case.   This rule of law has been adopted in New York.   *Gould* v. *Gould*, 8 Cow., 168 ; *Doremus* v. *Selden*, 19 Johns., 213.        *Plaintiff nonsuit.**

CUTTING, WALTON,. DICKERSON and TAPLEY, JJ., concurred.

* The following cases were argued at the same term,

SAMUEL BUNKER & *al. versus* ALBERT WILLIAMS.

ON REPORT.

ASSUMPSIT by plaintiffs as sureties for the defendant, on a promissory note to the Second National Bank of Skowhegan, for $1000, dated Oct. 24, 1864. Writ dated Nov. 3, 1865.

Plaintiffs introduced the note above described, also a joint note given by them, August 18, 1865, for $1050,76, payable to the First National Bank of Skowhegan in four months, and proved, by one Rowell, president of the bank, that the latter note was given to take up the former.   Rowell also testified that neither of the plaintiffs had ever paid any money on said joint note. Plaintiffs also offered a judgment recovered by said bank on said joint note, against the plaintiffs jointly, at Dec. term, 1866, to the introduction of which the defendant objected, — (1,) because not alleged in the writ, — (2,) because it did not exist at date of writ, in this action — (3,) because the note had not been put in suit when the action was brought.

The case was withdrawn from the jury, and continued on report, with the agreement that if it could be maintained it was to stand for trial; otherwise a nonsuit to be entered.

*J. H. Webster & Coburn*, for the plaintiffs.

1. Where two or more sureties pay the debt, for which they are sureties, out of their joint fund, or raise the money on their joint credit, they can maintain a joint action against the principal. *Appleton* v. *Bascom*, 3 Met., 169; *Chandler* v. *Brainard*, 14 Pick., 285; *Osborne* v. *Harper*, 5 East, 225; *Parsons* v. *Parker*, 3 N. H., 366; *Jewett* v. *Cornforth*, 3 Maine, 107; *Day* v. *Swan*, 13 Maine, 165; *Lombard* v. *Cobb*, 14 Maine, 222; *Clapp* v. *Rice*, 13 Gray, 403; 2 Saund., 116, n. 2.

2. Taking up first note, by giving a new note by the sureties and the acceptance by the bank, is payment. *Chandler* v. *Brainard, ubi sup.; Greenleaf* v. *Hill*, 31 Maine, 562; *Fowler* v. *Ludwig*, 34 Maine, 455; *Milliken* v. *Whitehouse*, 49 Maine, 527.

*D. D. Stewart*, for the defendant.

PER CURIAM. — The questions raised in this case are settled in the decision made in *Bunker & al.* v. *Tufts.*

## DENNIS MOORE & al. versus JOHN TUFTS.

ON REPORT.

CASE, under R. S., c. 113, § 47, for aiding in the fraudulent concealment of the property of Albert Williams. Action commenced same time as the others.

The plaintiffs introduced a promissory note for $1000, payable to Second National Bank, Skowhegan, dated Oct. 26, 1864, signed by Albert Williams, as principal, and Samuel Bunker, one of the plaintiffs, as surety, and Dennis Moore, (the other plaintiff,) on the back of the note, and proved that said Moore put his name on the note before it was negotiated to the bank.

Plaintiffs proved that said note was paid by a note of the plaintiffs, dated August 18, 1865, and that, since giving the latter note, said Moore had paid thereon $475. There was no evidence that Bunker had paid anything.

There was evidence tending to show the same facts as to the alleged fraudulent conveyance, as in *Bunker & al.* v. *Tufts.* The same questions were raised by defendant, and the case was continued on report with the same agreement.

*J. H. Webster & Coburn*, for the plaintiffs, cited *Union Bank* v. *Willis*, 8 Met., 504; *Clapp* v. *Rice*, 13 Gray, 403; *Wright* v. *Morse*, 9 Gray, 337; *Essex Co.* v. *Edmunds*, 12 Gray, 273; *Leonard* v. *Wildes*, 36 Maine, 265; *Moulton* v. *Southard*, 36 Maine, 147; *Childs* v. *Wyman*, 44 Maine, 433.

*D. D. Stewart*, for the defendant. Plaintiffs are subsequent creditors. Moore's name, on back of the note, after being signed by the principal and surety, made Moore surety for Bunker as well as for Williams. Moore and Bunker could therefore have no joint interest. Bunker would be liable to Moore for whatever he might pay. Moore has paid $475; Bunker nothing; thus showing their interests to be several.

PER CURIAM. — The questions raised in this case must be governed by the decision recently made in *Bunker & al.* v. *Tufts.*